Filed 10/14/15  P. v. O'Connor CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066736 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN330257) |
| JOSEPH PATRICK O'CONNOR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed as modified and remanded with directions.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Joseph Patrick O'Connor pleaded guilty to one count of committing a lewd act upon a child, his stepdaughter.  (Pen. Code[1] § 288.5, subd. (a).)  In exchange, the parties stipulated O'Connor would serve a six-year prison term and the People would dismiss pending charges of lewd act upon the same victim (§ 288, subd. (a)) and one count of violation of protective order (§ 166, subd. (c)(1)).  The parties stipulated the preliminary hearing transcript provided the factual basis for the plea.

O'Connor's sole contention on appeal is that the court lacked the authority to issue the protective order.  The People concede the point, but argue the court had authority to issue the protective order as to the biological daughter under section 136.2, subdivision (i)(1) because she qualifies as a "victim" under section 136's definition, which applies to "any natural person with respect to whom there is reason to believe that any crime as defined under the laws of this state or any other state or of the United States is being or has been perpetrated or attempted to be perpetrated."  We will order the protective order be stricken and remand with directions set forth below.

## BACKGROUND

At the preliminary hearing, the victim, M.V., who was 17 years old at the time of trial, testified that that year she decided to talk to a counselor and later the police about O'Connor's sexual molestation of her, which started when she was approximately eight or nine years old.  M.V. was worried that O'Connor might be sexually molesting his

---

[1]     Statutory references are to the Penal Code.

biological daughter, who was about eight years old, and had started "acting weird at home," and "acting a lot more sexually mature than kids her age should be."

The court sentenced O'Connor according to the plea agreement's terms, and issued a 10-year protective order under section 646.9, subdivision (k), barring him from contacting both M.V. and his biological daughter.

## DISCUSSION

The People concede, and we agree, the court's protective order was not authorized under section 646.9, subdivision (a) because O'Connor was not convicted under that statute, which deals with stalking. Rather, his conviction was for committing a lewd act upon a child under section 288.5, subdivision (a). Accordingly, the protective order must be stricken.

DISPOSITION

The judgment is modified to strike the protective order; as so modified, the judgment is affirmed.  The matter is remanded for the trial court to amend the abstract of judgment reflecting this modification and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


                                                                    O'ROURKE, J.

WE CONCUR:


McINTYRE, Acting P. J.


AARON, J.